# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1383V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JOHN MASON, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | |
| v. | * | Dated: September 8, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Jeffrey S. Pop,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Sarah Christina Duncan,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On September 29, 2017, John Mason filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he experienced chronic inflammatory demyelinating polyneuropathy ("CIDP") after receipt of an influenza ("flu") vaccine administered on October 9, 2014. Petition (ECF No. 1) ("Pet.") at 2.

The claim was litigated for several years, and after reviewing the evidence I determined that this matter could be resolved via a ruling on the record. Thereafter I issued a decision denying entitlement to compensation. *See* Decision, dated February 4, 2022. ECF No. 52 (the "Decision"). Petitioner did not opt to appeal my determination.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated August 18, 2022 (ECF No. 55). This is Petitioner's first request for attorney's fees and costs. Petitioner requests a total of $71,341.91 in attorney's fees and costs ($54,236.80 in fees, plus $17,105.11 in costs) for the work of multiple attorneys, including Mr. Jeffrey Pop, Ms. Kristina Grigorian, Ms. Alexandra Pop, and law clerks, from September 2016 to the present date. ECF No. 55-2 at 19.

Respondent reacted to the fees request on August 19, 2022. *See* Response, August 19, 2022 (ECF No. 56). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$71,341.91**.

## ANALYSIS

**I.      Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find there was sufficient objective basis to entitle him to a fees and costs award. The parties did not agree on diagnosis, but Petitioner persuasively argued that he did in fact likely suffer from CIDP. There are also many prior cases alleging the flu vaccine caused CIDP, and many have been decided in favor of the claimants. Certainly, whether the vaccine "can cause" CIDP is subject to reasonable debate, and does not reflect a settled issue that petitioners and their counsel should steer away from. The record evidence suggested here that Petitioner suffered a pre-vaccination onset, however, and therefore I could not find that the Petitioner had prevailed regardless of whether the vaccine can cause CIDP. In light of the extremely lenient standard that governs reasonable basis determinations, and the ample objective evidence supporting the claim, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.  Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2016-2018** | **2019** | **2020-2021** | **2022** |
|---|---|---|---|---|
| **Jeffrey Pop (Attorney)** | $420.00 | $453.00 | $470.00 | $520.00 |
| **Kristina Grigorian (Attorney)** | $250.00 | $292.00 | $325.00 | $410.00 |
| **Alexandra Pop (Attorney)** | $225.00 | $262.00 | $295.00 | $385.00 |
| **Law Clerks** | $125.00 | $138.00 | $150.00 | $165.00 |

ECF No. 55 at 3–4.

Mr. Pop and his associates (who practice in Beverly Hills, California) are considered in forum, entitling them to commensurate rates established in *McCulloch*. *See Leal v. Sec'y of Health & Hum. Servs.*, No. 17-1008V, 2021 WL 3280505, at *2 (Fed. Cl. Spec. Mstr. July 6, 2021). The requested rates for the attorneys (as well as the law clerk work performed in this case) are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[5] *See Milano v. Sec'y of Health & Hum. Servs.*, No. 16-773V, 2019 WL 927042 (Fed. Cl. Spec. Mstr. Jan. 25, 2019). I thus find no cause to reduce them in this instance. I

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

also deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

**III.    Calculation of Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $17,105.11 in outstanding costs, including medical record retrieval costs and costs associated with the work of a single expert, Lawrence Steinman, M.D. ECF No. 55-4 at 58–59. Dr. Steinman authored two expert reports (ECF Nos. 26, 36), and submitted an invoice for a total of $13,225.00 (at an hourly rate of $550.00 and a $2,500.00 retainer fee). Although I have previously awarded Dr. Steinman the lesser rate of $500.00 per hour, his demonstrated experience with the Vaccine Program has recently been deemed grounds for a slight rate increase. *See Anderson v. Sec'y of Health & Hum. Servs.*, No. 14-879V, 2020 WL 3495950, at *2 (Fed. Cl. Spec. Mstr. May 22, 2020).

Such an increase is facially modest, and may be appropriate at this point, since Dr. Steinman has been compensated at the $500.00 rate for many years. Program experts should not be tethered to a single fixed rate for all time, but are entitled to increases to account for inflation just as attorneys receive rate increases. I will therefore adopt this increased rate for his work in this case, applying it to all time billed to the matter (despite the fact that he was only paid the lower customary rate for time also billed in the relevant period).[6] I also find the total amount for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

---

[6] Importantly, however, I stress that this is not an occasion for Dr. Steinman (and/or the counsel who retain him) to seek retroactive rate increases for cases in which he has *already* been compensated. I shall only pay him the increased rate on a going-forward basis, for subsequent fees requests. Thus, although in *future* fees and costs requests for cases involving Dr. Steinman, petitioners may ask for the increased rate for time already billed *in that matter*, the prior and commonly-applied rate of $500 per hour embraced in *other* cases in which fee decisions have already been issued shall remain.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$71,341.91,** reflecting $54,236.80 in attorney's fees and $17,105.11 in costs in the form of a check made jointly payable to Petitioner and his attorney Mr. Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.